NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TAN VAN VO,

Petitioner-Appellant,

v.

JERI BOE, Clallam Bay Superintendent;
RON HAYNES,

Respondents-Appellees.

No.   20-35190

D.C. No. 2:19-cv-00151-RAJ

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted December 8, 2020**
Seattle, Washington

Before:  BERZON, MILLER, and BRESS, Circuit Judges.

Tan Van Vo appeals the district court's denial of his habeas petition under 28

U.S.C. § 2254.  We review the denial of § 2254 relief de novo.  *Deck v. Jenkins*, 814

F.3d 954, 977 (9th Cir. 2016).  We have jurisdiction under 28 U.S.C. § 2253 and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

Vo contends he was denied his Sixth Amendment right to represent himself in his criminal trial in Washington state court. *See Faretta v. California*, 422 U.S. 806, 836 (1975). We may only grant habeas relief if the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Washington Court of Appeals on direct appeal held that the trial court did not violate Vo's right to represent himself because Vo did not assert that right unequivocally. *See State v. Vo*, No. 76407–1–I, 2018 WL 2671666, at *4 (Wash. Ct. App. June 4, 2018). The Washington Supreme Court denied review, and the Washington Court of Appeals denied Vo's state habeas petition for raising issues identical to those raised on direct appeal. We therefore review the Washington Court of Appeals decision on direct appeal, the last reasoned decision by Washington's courts. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

To invoke the right to self-representation, "*Faretta* requires a defendant's request for self-representation be unequivocal." *Stenson v. Lambert*, 504 F.3d 873, 882 (9th Cir. 2007). In this case, the Washington Court of Appeals reasonably concluded that Vo's request to represent himself was not unequivocal. Shortly

2

before his felony trial was set to begin, Vo stated that he wished to represent himself. But Vo vacillated between wanting to represent himself and wanting new counsel, even after the trial court had denied Vo's request to discharge his counsel. "A request to represent oneself made while at the same time stating a preference for representation by a different lawyer and rearguing [a] change of counsel motion is insufficient to invoke *Faretta*." *United States v. Mendez-Sanchez*, 563 F.3d 935, 939 (9th Cir. 2009). In this case, moreover, Vo made other statements expressing uncertainty ("I don't know anything," "I do not know"), that likewise could be regarded as equivocation.

Because Vo did not unequivocally assert his right to represent himself, the trial court likewise did not act contrary to clearly established law in not conducting a colloquy to determine whether Vo's *Faretta* waiver was knowing and intelligent. *See Sandoval v. Calderon*, 241 F.3d 765, 775 (9th Cir. 2001).

**AFFIRMED.**

3